IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FELIPE GARCIA,** | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 16-00635-CG-B |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON,** | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Certain Underwriters at Lloyd's, London's Motion to Dismiss (Doc. 7). The motion has been fully briefed and is ripe for resolution.[1] Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that Defendant's Motion to Dismiss be **granted** with respect to Plaintiff's bad faith claim, and **denied** with respect to his breach of contract claim.

### I. Background Facts

Plaintiff Felipe Garcia owned a commercial warehouse that was insured by Defendant Certain Underwriters at Lloyd's, London

---

[1] The motion has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S).

(hereinafter "Defendant" or "Lloyd's, London"). The warehouse sustained substantial damage as a result of a tornado on December 25, 2012. (Doc. 1-2). Plaintiff submitted a claim for the damages resulting from the tornado. (Id.). The claim was denied by Lloyd's, London in May 2013. (Id.). Plaintiff commenced the instant action for breach of contract and bad faith denial of claim in November 2016. (Id.). Defendant removed the action to this Court on December 27, 2016. (Doc. 1).

Defendant filed the instant motion seeking the dismissal of Plaintiff's complaint on the ground that the complaint fails to state a claim. (Doc. 7). Specially, Defendant argues that the insurance policy at issue required that any legal action under the policy be brought within 2 years after the loss; thus, Plaintiff was required to bring his breach of contract claim no later than December 25, 2014. Defendant further argues that Plaintiff's bad faith claim is barred as well because under Alabama's applicable statute of limitations, bad faith claims must be filed within two years of the bad faith refusal to pay. Thus, Plaintiff was required to bring his bad faith claim within two years of the May 2013 denial by Lloyd's, London. (Id.).

In Plaintiff's response (Doc. 15), he concedes that under the applicable statute of limitations in Alabama, bad faith claims must be commenced within two years of a denial decision,

2

and that the instant action was not commenced within two years of the denial of coverage by Lloyd's, London; thus, his bad faith claim is barred. (Id.). Plaintiff asserts that his breach of contract claim is timely because Alabama provides a six year statute of limitations for insurance claims, and attempts to shorten the limitations period are expressly void under Ala. Code Section 6-2-15. (Id.).

In its reply (Doc. 16), Lloyd's, London argues, for the first time, that Plaintiff's complaint is subject to dismissal because Plaintiff failed to allege that he met and is in compliance with the policy's conditions precedents as required by Fed.R.Civ.P. 9(c).

## II. Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff present "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court must accept the allegations in the complaint as true, and the facts must be construed in the light most favorable to the plaintiff. Lopez

v. Target Corp., 676 F. 3d 1230, 1232 (11th Cir. 2012).

Typically, a court reviewing a motion to dismiss under rule 12(b)(6) is limited to the four corners of the complaint. See Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). If, however, the complaint refers to documents that are central to the case, those documents may be considered part of the pleadings. See Jordan v. Miami-Dade County, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006). Similarly, courts may consider any document attached to a motion to dismiss without treating the motion as one for summary judgment so long as the plaintiff has referred to the document in its complaint, the document is "central" to the claims, and the authenticity of the document is unchallenged. See Bickley, 461 F.3d at 1329 n.7; Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999)).

In analyzing Plaintiff's complaint and Defendant's motion seeking dismissal, the Court has considered Plaintiff's complaint, as well as the insurance policy at issue and the letter of denial (Docs. 8-1, 8-2), as the policy and denial letter are "central" to the claims raised in Plaintiff's complaint.[2] Further, Plaintiff has referenced the policy and denial letter in his complaint, and the authenticity of these

---

[2] These documents were submitted in support of Defendant's motion. (Docs. 8-1, 8-2).

4

documents has not been challenged. Thus, the Court may consider the policy and denial letter without converting the motion to dismiss into a summary judgment motion.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . ., on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted). The plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." Id. at 570.

**III. Analysis**

The undersigned notes, as a preliminary matter, that the parties are in agreement that Plaintiff's bad faith claim is barred under Alabama law, which requires that bad faith claims be commenced within two years of the denial of the claim. See Shoreline Towers Condominium Owners Ass'n, Inc. v. Zurich Am. Ins. Co., 196 F. Supp. 2d 1210, 1216 (S.D. Ala. 2002)(the statute of limitations for bad faith claims in Alabama is two years.). Thus, the only issue before the Court is whether Plaintiff has failed to state a breach of contract claim.

As noted, *supra*, in Lloyd's, London's motion to dismiss, it argues that Plaintiff's breach of contract claim is barred because the insurance policy contains a two year limitations period, and the claim was commenced more than two years after the loss and the denial. In its reply, Lloyd's, London also argues, for the first time, that the breach of contract claim should be dismissed because Plaintiff has not complied with Fed.R.Civ.P. 9(c). However, courts generally refuse to consider arguments raised for the first time in a reply. See Herring v. Secretary, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting U.S. v. Coy, 19 F.3d 629, 632 n.7 (11th Cir. 1994)("As we repeatedly have admonished, '[a]rguments raised for the first

time in a reply brief are not properly before a reviewing court.'")); see also Gross-Jones v. Mercy Medical, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining the underlying rationale); White v. ThyssenKrupp Steel, USA, LLC, 743 F. Supp. 2d 1340, 1357 (S.D. Ala. 2010)("District courts, including this one, ordinarily do not consider arguments raised for the first time on reply."). Lloyd's, London identifies no reason to depart from this well-established rule, and the Court declines to do so.

The Court now turns to the issue of whether Plaintiff's breach of contract claim is barred by the two year limitations period contained in the Lloyd's, London policy. In Hackleburg Church of Christ v. Great Am. Ins. Companies, Inc., 675 So. 2d 1309, 1311 (Ala. Civ. App. 1995), the Alabama Court of Civil Appeals rejected an insurer's attempt to shorten a limitations period provided under Alabama law. In that case, the insurance company argued that where a church sustained a loss from storm damage in 1985, but did not file, as required under the insurance policy, a lawsuit within one year of the loss, the claim was barred. In rejecting the insurer's claim, the court held that the alleged breach did not occur until the insurer refused to pay the damages sustained by the church. The Court further held that, under Alabama law, an insurance contract is governed by the same general rules as other contracts, and that

7

under Ala. Code § 6-2-34(4), the statute of limitations for breach of contract actions is six years. Id. The court further held that "[t]he statute of limitations on a contract action runs from the time a breach occurs rather than from the time actual damage is sustained." Id., 675 So. 2d at 1311 (citations omitted.).

Further, Ala. Code § 6-2-15 provides that:

> Except as may be otherwise provided by the Uniform Commercial Code, any agreement or stipulation, verbal or written, whereby the time for the commencement of any action is limited to a time less than that prescribed by law for the commencement of such action is void.

Courts addressing this statutory provision have held that it invalidates contracts that attempt to shorten the time period in which a party can commence an action under Alabama law. See Turner v. Westhampton Court, LLC, 903 So. 2d 82 (Ala. 2004)(The ninety-day provision in the (builder's) warranty did not override the six year statute of limitations contained in § 6-2-34(9)); Sweetwater Apts., P.A., LLC v. Ware Constr. Servs., 2012 U.S. Dist. LEXIS 108500, *10-11, 2012 WL 3155564, *3 (M.D. Ala. Aug. 3, 2012) (accord).

In Sweetwater Apts., the court held that a surety's attempt to limit the time in which a party could commence suit on a bond to two years, as opposed to the six years provided under § 6-2-34(9), was void under § 6-2-15. Id., 2012 U.S. Dist. LEXIS

8

108500 at *10-11, 2012 WL 3155564 at *3. According to the court, while the surety had the right to *limit coverage* under the bond to a certain period of time, it could not shorten the period provided under Alabama law for commencing a lawsuit under the bond. Id.

In the case at hand, it is undisputed that Lloyd's, London issued an insurance policy covering Plaintiff's warehouse, that Plaintiff submitted a claim for damage to the property in 2013, and that Lloyd's, London denied the claim in May 2013. (Docs. 8-2). Plaintiff commenced this action in November 2016, which is well within the six-year statute of limitations provided for contract actions under § 6-2-34(9). As the courts' decisions in Turner and Sweetwater Apts. make clear, Defendant's efforts to shorten the limitation period for filing a breach of contract action is void pursuant to § 6-2-15. Accordingly, Lloyd's, London's motion is due to be **denied** to the extent it seeks the dismissal of Plaintiff's breach of contract action.

**IV. Conclusion.**

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **granted** with respect to Plaintiff's bad faith claim, and **denied** with respect to Plaintiff's breach of contract claim.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on

9

all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **April, 2017.**

/s/ SONJA F. BIVINS

WPKVGF"UVCVGU"OCIKUVTCVG"LWFIG"

10