## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FELIPE GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 16–635–CG–B |
| | ) | |
| | ) | |
| CERTAIN UNDERWRITERS AT | ) | |
| LLOYD'S, LONDON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation

("R&R") of the magistrate judge (Doc. 23) and Defendant Certain

Underwriters at Lloyd's, London's ("Underwriters" or "Defendant") objection

(Doc. 25) and brief in support (Doc. 25-1). The magistrate judge recommended

dismissing Plaintiff Felipe Garcia's ("Garcia") bad faith claim with prejudice

as time barred but denying the dismissal of Garcia's breach of contract claim.

(*See* Doc. 23, pp. 2–3, 9). The Underwriters object to the denial of the motion

to dismiss the breach of contract claim on the basis that the "Background

Facts" section "set[s] forth as true certain facts that remain in dispute" and

that the magistrate judge improperly dismissed the arguments based on

Federal Rule of Civil Procedure 9(c). (Doc. 25-1, p. 1).

After due and proper consideration of all portions of this file deemed

relevant to the issues raised, and a *de novo* determination of the R&R to

which objection is made, the magistrate judge's Report and Recommendation made under 28 U.S.C. § 636(b)(1)(B) and L. R. 72(a)(2)(S) is hereby **ADOPTED** as the opinion of this Court.

As the Underwriters note in their objection, the Court must accept the allegations of a complaint as true and construe them in the light most favorable to the plaintiff. *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243–44 (11th Cir. 2016). The R&R does not, however, adopt those same facts as beyond critique. Defendant may dispute facts, as supported by evidence, in subsequent motions before this Court.

As to the second objection, this Court notes that a failure to plead compliance with conditions precedent is not fatal. This defect is "subject to amendment" and can be cured in an amended complaint. *See Maguire v. Federal Crop Ins. Corp.*, 181 F.2d 320, 322 (5th Cir. 1950).

For these reasons, the Court **OVERRULES** the Underwriters' objections to the R&R and **ADOPTS** the R&R (Doc. 23) as the opinion of this Court. Thus, Garcia's claim for breach of contract survives Defendant's motion to dismiss, and his bad faith claim is hereby **DISMISSED** with prejudice.

**DONE** and **ORDERED** this 25th day of May, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE